IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLENE SMITH,

    Plaintiff,

vs.

                                          Case No. 16-1122

SYNCHRONY BANK,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Charlene Smith, by counsel, and files this Complaint against Synchrony Bank, and alleges and avers as follows:

1. Plaintiff, Charlene Smith, is a resident of Lawrence County, Ohio, and resides at 583 County Road 66, Proctorville, OH. Plaintiff allegedly owes a consumer debt to Synchrony Bank, with the original account number believed to end with 6145. The collection of said debt is the subject of this action.

2. Defendant, Synchrony Bank ("Synchrony"), is a federal savings association that engages in consumer lending and debt collection in the state of Ohio, among other states. Its headquarters are located in Draper, Utah. It's agent for service of process is CT Corporation System, 1300 East Ninth Street Cleveland, Ohio 44114. Synchrony is a creditor of the Plaintiff.

3. Original jurisdiction is proper under 28 U.S. Code § 1331 as this Complaint raises federal questions pursuant to the TCPA, 47 U.S.C. § 227 (the "TCPA").

4. With few exceptions that include calls made for emergency purposes and calls made with prior express consent, the TCPA makes it unlawful to make any call to a cellular telephone using any automatic telephone dialing system or an artificial or prerecorded voice.

5. After the Plaintiff allegedly became in arrears upon Plaintiff's consumer account with Synchrony, Synchrony began to engage in collection of such indebtedness by telephone and mail.

6. Synchrony consistently used an auto-dialing capable device and/or an artificial or prerecorded voice message in making calls to the Plaintiff on her cellular telephone.

7. The Plaintiff retained attorney Ben Sheridan of Klein, Sheridan and Glazer to represent Plaintiff's interest in connection with the consumer debt for which Synchrony contended the Plaintiff became in arrears.

8. Thereafter, on August 4, 2015, the Plaintiff mailed a letter to the Defendant advising the Defendant that she had retained an attorney, and further provided the Defendant with the name, address, and telephone number of her attorney.

9. Plaintiff further expressly requested in her letter that the Defendant absolutely stop calling her and that any future calls should be direct to her attorney. Plaintiff also specified the numbers for which Defendant was advised to stop calling.

10. Plaintiff does not recall ever providing consent for Synchrony to call her cellular telephone. However, to the extent such consent was implied or otherwise provided, the Plaintiff, in the above described letter, unambiguously removed the Defendant's authorization to call her at any number, including her cellular phone.

11. Thereafter, Defendant continued to utilize an automated dialing capable system to cause telephone calls to be placed to the Plaintiff on her cellular telephone.

12. The Defendant maintains records of each call placed to the Plaintiff by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employees. Such records will reflect that the Defendant placed numerous telephone calls to the Plaintiff's cellular telephone number after any consent to call was expressly revoked.

## COUNT I

### *COMMON LAW INVASION OF PRIVACY*

13. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

14. The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls on her personal cell phone and within the confines of her home.

15. The acts of the Defendant in repeatedly placing unwanted telephone calls to the Plaintiff invaded and injured her right of privacy.

16. As a result of the Defendant's above described actions, which were done willfully, wantonly, recklessly and/or with complete indifference to its obligations under law, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused emotional distress.

## COUNT II

### *VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT*

17. The Plaintiffs incorporates the previous paragraphs as if fully set forth herein.

18. The Defendant used a predictive or other automated dialer system to call the Plaintiff on her cell phone.

19. The predictive or automated dialer system resulted in numerous calls being placed by the Defendant to the Plaintiff's cell phone.

20. The Plaintiffs removed any consent that may have existed to call the Plaintiff's cell phone by letter dated August 4, 2015.

21. Plaintiff provided the Defendant with Plaintiff's cell phone number(s) along with other relevant numbers so Defendant could easily update its records and set its system to do not call.

22. Nevertheless, Defendant continued to call Plaintiff's cell phone by using an automated dialer device.

23. As a result of the Defendant's actions, Defendant has repeatedly violated the TCPA 47 USCS § 227(b)(1).

24. The Defendant's violations of the TCPA were willful as the Plaintiff expressly removed her consent to call her cell phone, first in writing and then verbally upon answering unwanted calls, and the Defendant ignored her.

25. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused emotional distress.

### DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

(a) General or actual damages;

(b) $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

(c) $1,500 per violation of the TCPA to the extent the violations are found to be willful under 47 USCS § 227(b)(3)(C);

(d) Attorney's fees and costs pursuant to the TCPA;

(e)     Punitive damages;

(f)     Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFFS DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

By: _____
JASON E. CAUSEY #0081933
BORDAS & BORDAS, PLLC
106 East Main Street
Saint Clairsville, OH  43950
(304) 242-8410
jcausey@bordaslaw.com

*Counsel for Plaintiff*

5